## Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters

| | | |
|---|---|---|
| 1. Sender | Invasix Inc. and Inmode MD Ltd.<br>c/o Sonal N. Mehta<br>217 Leidesdorff Street<br>San Francisco, CA 94111<br>U.S.A.<br>smehta@durietangri.com<br>Tel. 415-362-6666<br>Fax 415-236-6300 | |
| 2. Central Authority of the Requested State | Legal Assistance to Foreign Countries<br>The Director of Courts<br>Directorate of Courts<br>The Directorate of Courts<br>22 Kanfei Nesharim<br>POB 34142,<br>Jerusalem 95464<br>Israel<br><br>mishpatit@court.gov.il<br><br>Tel. +972 (2) 655 6847, +972 (2) 655 6919 | |
| 3. Person to whom the executed request is to be returned | The Honorable United States Magistrate Judge Karen E. Scott<br>Ronald Reagan Federal Building and Courthouse<br>411 West Fourth Street, Room 1053<br>Santa Ana, CA 92701-4516<br>U.S.A. | |
| 4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | | |
| Date | December 15, 2016 | |
| Reason for urgency* | The information sought is necessary for discovery in the proceeding. | |

-1-

* Omit if not applicable.

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:

| | |
|---|---|
| 5. a. Requesting judicial authority (Article 3,*a*)) | The Honorable United States Magistrate Judge Karen E. Scott<br>Ronald Reagan Federal Building and Courthouse<br>411 West Fourth Street, Room 1053<br>Santa Ana, CA 92701-4516<br>U.S.A. |
| b. To the competent authority of (Article 3, *a*)) | State of Israel |
| c. Names of the case and any identifying number | *Syneron Medical Ltd. v. Invasix, Inc. and Inmode MD Ltd.*, Case No. 8:16-CV-173-DOC-KES (C.D. Cal.) |
| 7. Names and addresses of the parties and their representatives (including representatives in the requested State*) (Article 3, *b*)) ||
| a. Plaintiff | Syneron Medical Ltd. |
| Representative | Collins Edmonds<br>John J. Edmonds<br>jedmonds@ip-lit.com<br>1851 East First Street, Suite 900<br>Santa Ana, California 92705<br>Telephone: (951) 708-1237<br>Facsimile: (951) 824-7901 |
| b. Defendants | Invasix, Inc. and Inmode MD Ltd. |
| Representatives | Sonal N. Mehta<br>smehta@durietangri.com<br>Ryan Kent<br>rkent@durietangri.com<br>Leeron Morad<br>lmorad@durietangri.com<br>217 Leidesdorff Street<br>San Francisco, CA 94111<br>U.S.A.<br>Tel. 415-362-6666<br>Fax 415-236-6300 |
| c. Other parties | n/a |
| Representatives | n/a |

| | |
|---|---|
| 7. a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, *c)*) | Civil suit for patent infringement |
| b. Summary of complaint | Plaintiff alleges that Defendants infringe four United States Patents: U.S. Patent Nos. 6,148,232, 6,615,079, 8,496,654, and 9,108,036 (collectively, the "Patents-in-Suit"). Plaintiff alleges that it owns the rights and titles to these patents and that they are infringed by Defendants. Plaintiff has also denied the allegations in Defendants' counterclaims including denying invalidity. |
| c. Summary of defence and counterclaim* | Defendants argue that they do not infringe the four Patents-in-Suit and that the Patents-in-Suit are invalid. Defendants seek a declaratory judgment of non-infringement and invalidity. |
| d. Other necessary information or documents* | 1. Exhibit A – Plaintiff's First Amended Complaint<br>2. Exhibit B – U.S. Patent No. 6,148,232<br>3. Exhibit C – U.S. Patent No. 6,615,079<br>4. Exhibit D – U.S. Patent No. 8,496,654<br>5. Exhibit E – U.S. Patent No. 9,108,036<br>6. Exhibit F – Defendants' Answer and Counterclaims<br>7. Exhibit G – Protective Order entered by the Court |
| 8. a. Evidence to be obtained or other judicial act to be performed (Article 3, *d)*) | Defendants seek testimonial evidence on the following matters:<br>1. The conception and reduction to practice of the subject matter claimed or disclosed in U.S. Patent Nos. 6,148,232, 6,615,079, 8,496,654, and 9,108,036 (the "Patents-in-Suit"), including the identity of any persons involved in such conception or reduction to practice.<br>2. Research leading to the conception and reduction to practice of the subject matter claimed or disclosed in the Patents-in-Suit, including the identity of any persons involved in such research.<br>3. The prosecution of the Patents-in-Suit and any related patents or applications.<br>4. State of the art and prior art to any subject matter claimed or disclosed in the Patents-in-Suit.<br>5. Scope and meaning of terms used in the Patents-in-Suit.<br>6. Devices embodying the claims of the Patents-in-Suit, including research, testing, analysis, operation, use, demonstrations, sales, and marketing of such devices.<br>7. Licenses and licensing negotiations related to the Patents-in-Suit.<br>8. Communications with Syneron or its attorneys regarding this litigation or the Patents-in-Suit. |

| | |
|---|---|
| | Additional topics for Mr. Zohar Avrahami<br>9. TransPharma Medical Ltd.'s corporate history.<br>10. The identity of persons involved in research at TransPharma Medical Ltd. or Elecsys Ltd.<br>11. Technical information concerning Transpharma Medical Ltd.'s devices including, without limitation, the ViaDerm and ViaDor devices.<br>12. TransPharma Medical Ltd.'s or Elecsys Ltd.'s enforcement of their patents and intellectual property rights.<br>13. TransPharma Medical Ltd.'s or Elecsys Ltd.'s licensing of patents and intellectual property.<br>14. Plaintiff does not affirm that all of the above is appropriate for the taking of evidence and it reserves the right to object to requests for evidence that violate privilege or are otherwise objectionable or outside the scope of proper discovery. |
| b. Purpose of the evidence or judicial act sought | The testimonial evidence is sought in order to determine whether the Patents-in-Suit are valid and enforceable by Syneron, as well as the proper scope and construction of the claims of the Patents-in-Suit. The evidence is further sought to determine the appropriate measure of damages, if any, in this matter.<br><br>Plaintiff does not affirm that all of the above is appropriate for the taking of evidence and it reserves the right to object to requests for evidence that violate privilege or are otherwise objectionable or outside the scope of proper discovery. |
| 9. Identity and address of any person to be examined (Article 3, *e)*)* | Zohar Avrahami (named inventor of U.S. Patent Nos. 6,148,232 and 6,615,079)<br>Groover Rivka 7, Apt. 98<br>Petah Tikva<br>Israel<br><br>Genady Nahshon (named inventor of U.S. Patent Nos. 8,496,654 and 9,108,036)<br>Prof. Aharon Tzvi 1, Apt. 15<br>Netanya<br>Israel<br><br>Baruch Levine (named inventor of U.S. Patent Nos. 8,496,654 and 9,108,036)<br>Ha-Yarkon 2<br>Afula<br>Israel |

|  | Avner Rosenberg (named inventor of U.S. Patent Nos. 8,496,654 and 9,108,036)<br>Ha-Parsa 1<br>Beit Shearim 30046<br>Israel |
|---|---|
| 10. Questions to be put to the persons to be examined or statement of the subject- matter about which they are to be examined (Article 3, *f)*)* | All persons are to be examined about topics 1-8 listed in 8.a. above. Mr. Zohar Avrahami is also to be examined on topics 9-13. |
| 11. Documents or other property to be inspected (Article 3, *g)*)* | Defendants request for all witnesses:<br>1. All documents and things relating to the conception, disclosure, reduction to practice, development or testing of any invention allegedly disclosed, described, or claimed in U.S. Patent Nos. 6,148,232, 6,615,079, 8,496,654, and 9,108,036 (the "Patents-in-Suit").<br>2. All documents and things concerning the scope of the Patents-in-Suit, including without limitation, all documents and things relating to the scope and meaning of the terms of any claim of the Patents-in-Suit.<br>3. All prior art to the claims of the Patents-in-Suit.<br>4. Devices embodying any of the claims of the Patents-in-Suit as available prior to November 20, 2009.<br>5. All documents and things generated during the preparation or prosecution of any application that led to any of the Patents-in-Suit or any Related Patents or Applications.<br>6. All documents and things relating to communications with Syneron or its attorneys relating to this litigation or the Patents-in-Suit.<br>7. Plaintiff does not affirm that all of the above is appropriate for the taking of evidence and it reserves the right to object to requests for evidence that violate privilege or are otherwise objectionable. |
| 12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, *h)*)* | It is requested that at the beginning of the deposition of each witness, the witness affirmatively respond to the following: "Do you solemnly swear or affirm that you will tell the truth, the whole truth, and nothing but the truth?"<br><br>In the event that evidence cannot be taken in the manner requested, the |

| | |
|---|---|
| | evidence is to be taken in such manner as is provided by local law for the formal taking of evidence. |
| 13. Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Articles 3, *i)* and 9)* | Defendants request that Mr. Eric Sherby Esq. be appointed as the attorney or judicial officer to preside over the testimony given at the depositions. Mr. Sherby's contact information is:<br><br>Eric S. Sherby<br>12 Menahem Begin St., 2nd Fl.<br>Ramat Gan 52521<br>Israel<br>Tel.: +972 (3) 753-8668; Fax: +972 (3) 753-8669<br><br>Mr. Sherby has been an attorney for over 28 years, including a member of the Israeli Bar for more than 22 years.<br><br>All testimonial evidence is to be taken by oral deposition conducted by attorneys representing the the parties, videotaped, and recorded verbatim by a stenographer who will produce a transcript of the deposition. The depositions may be conducted by videolink if agreed and otherwise are to be conducted at the following location or another location agreed-upon by the parties:<br><br>Leonardo City Tower Hotel<br>Zisman Shalom St. 14<br>Ramat Gan<br>Israel<br><br>Subject to Israel's Declarations and Reservations regarding the Hague Evidence Convention and any other requisites of Israeli law or legal procedures, the parties will engage in any examination permitted by United States law or custom, including but not limited to direct examination, cross-examination, re-direct examination, and re-cross-examination. Pursuant to customary United States deposition practice, as the requesting party, counsel for Defendants will examine each witness first. Plaintiffs' counsel will then have an opportunity to examine the witnesses, followed by any re-examination by Defendants' counsel, etc.. Pursuant to customary United States deposition practice, each witness will be permitted to bring his personal attorney to the deposition as well.<br><br>In the event that testimonial evidence cannot be taken in the manner requested, testimonial evidence is to be taken in such manner as is provided by local law for the formal taking of evidence.<br><br>Subject to any proper objections, all documentary evidence is to be produced to Plaintiff and Defendants. In the event that documentary |

| | |
|---|---|
| | evidence cannot be taken in the manner requested, documentary evidence is to be taken in such manner as is provided by local law for the formal taking of evidence. |
| 14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)* | The undersigned requests notification of the time and place for the execution of the Request to be sent to the following persons:<br><br>Sonal N. Mehta<br>smehta@durietangri.com<br>Ryan Kent<br>rkent@durietangri.com<br>Leeron Morad<br>lmorad@durietangri.com<br>217 Leidesdorff Street<br>San Francisco, CA 94111<br>U.S.A.<br>Tel. 415-362-6666<br>Fax 415-236-6300<br><br>John J. Edmonds<br>jedmonds@ip-lit.com<br>Stephen P. Schlather<br>sschlather@ip-lit.com<br>1851 East First Street, Suite 900<br>Santa Ana, California 92705<br>Telephone: (951) 708-1237<br>Facsimile: (951) 824-7901<br><br>The Honorable United States Magistrate Judge Karen E. Scott<br>Ronald Reagan Federal Building and Courthouse<br>411 West Fourth Street, Room 1053<br>Santa Ana, CA 92701-4516<br>U.S.A. |
| 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)* | This Court respectfully requests that judicial personnel of the United States of America, representatives of all parties to this lawsuit, a stenographer, a videographer, and, if necessary, a translator and Consular Officer of the United States of America be authorized to be present at the execution of this Letter of Request. |
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article | All testimonial evidence to be taken by oral deposition will be subject to any applicable assertions of privilege available under United States law and/or the law of the State of Israel. |

| | |
|---|---|
| 11, b))* | |
| 17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by* | Counsel for Defendants respectfully requests that The Directorate of Courts of the State of Israel notify it if reimbursement is to be sought for any costs or fees that may be incurred. |
| DATE OF REQUEST | November 1, 2016 |

SIGNATURE AND SEAL OF THE
REQUESTING AUTHORITY

Honorable Karen E. Scott
United States Magistrate Judge

KIRY GRAY, Clerk of Court

By _____
Deputy Clerk, Jazmin Dorado

Dated: 11/2/16    1085

Honorable Karen E. Scott
United States Magistrate Judge

KIRY GRAY, Clerk of Court

By _____
Deputy Clerk, Jazmin Dorado

1085